UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLAN JONES, #512967,

        Petitioner,

   v.                       CASE NO. 23-CV-11420
                              HON. GEORGE CARAM STEEH

MATT MACAULEY,

        Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS, DENYING THE HABEAS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.   Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254.

Michigan prisoner Allan Jones ("petitioner") was convicted of first-degree

murder, Mich. Comp. Laws § 750.316(1)(a), felon in possession of a

firearm, Mich. Comp. Laws § 750.224f, carrying a weapon with unlawful

intent, Mich. Comp. Laws § 750.226, and three counts of possession of a

firearm during the commission of a felony, third offense, Mich. Comp. Laws

§ 750.227b, following a jury trial in the Saginaw County Circuit Court in

2018.   He was sentenced as a fourth habitual offender, Mich. Comp. Laws

§ 769.12, to life in prison without parole, concurrent terms of 72 months to 55 years in prison on the felon in possession and carrying a weapon convictions, and concurrent terms of 10 years in prison on each of the felony firearm convictions, to be served consecutively to the other sentences, in 2019.

In his pleadings, the petitioner raises claims concerning the conduct of the prosecutor, jury bias, the great weight of the evidence, the trial court's denial of a dismissal motion, and the effectiveness of trial and appellate counsel.   ECF No. 1.   The respondent has filed a motion to dismiss the habeas petition on exhaustion grounds.   ECF No. 19.   The petitioner has not filed a reply to that motion.

For the reasons set forth, the Court grants in part and denies in part the motion to dismiss and denies and dismisses with prejudice the habeas petition.   The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.   Facts and Procedural History

The petitioner's convictions arise from the shooting death of Zebedee Love in a store parking lot in Saginaw County, Michigan on April 10, 2016. The Michigan Court of Appeals described the relevant facts, which are

presumed correct on federal habeas review, <u>see</u> 28 U.S.C. § 2254(e)(1);

<u>see also</u> <u>Wagner v. Smith</u>, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arise from the shooting death of Zebedee Love on April 10, 2016, in the parking lot of P and F Market. Love sustained nine gunshot wounds, and other smaller wounds as a result of his movement after first being shot in the leg. During trial, Dr. Kanu Virani, the medical examiner, testified that "[a]ll three gunshot wounds in the shoulder and one in the pelvis area were immediately fatal."

> Surveillance footage from inside P and F Market showed that Love entered the store at 11:24 p.m. and exited at 11:28 p.m. Simmie Green, Love's friend, testified that he went to the store with Love. Green stated that he entered and exited the store at the same time as Love. Upon exiting, Love walked out in front of Green; seconds later, Green heard gunfire, took cover, and then went back into the store. There was no external surveillance footage that recorded the P and F Market parking lot on the night Love was killed.

> Leia Brewer testified that she was in the parking lot of P and F Market when Love was repeatedly shot. According to Brewer, Love was shot in the leg, after which he fell to the ground and rolled underneath his car. Brewer identified defendant as the shooter, testifying that he was wearing all black. Brewer further stated that after the first shot to the leg defendant continued to approach Love and shoot at him.

> Tekeyia Wallis, Love's cousin, had known defendant since she was a kid. Wallis testified to hearing on speakerphone the conversation between defendant and Love on April 9, 2016:

>> Q. Did you recognize [defendant's] voice on the phone?

>> A. Yes.

>> Q. Do you know what sort of conversation was said?

A. [Defendant and Love] were just going back and forth and I just remember [defendant] saying I know where you be at, I'm gonna get'cha, and that was the end of the conversation.

In addition, Wallis witnessed defendant often drive by her home when Love was visiting her in the days before Love's murder. Wallis also saw defendant on the night of April 10, 2016 wearing an "all-black hoodie outfit."

Brandon Pratt grew up with defendant and knew Love. Pratt was not Love's friend and, in fact, testified at defendant's trial that he was glad that Love was dead. Additionally, Pratt testified that he spoke to defendant about Love's death in February of 2017 while incarcerated at the Saginaw County Jail. During this conversation, defendant discussed Love's murder, as indicated in the following testimony from Pratt:

Q. [Defendant] mention anything regarding the murder of Mr. Love?

A. Yes.

Q. What did he say?

A. He said he got him. He shot him and he rolled under the car and he kept shooting, said he swiss-cheesed him.

Q. He said he swiss-cheesed him?

A. Yeah, meaning like he shot him up.

Q. Like multiple times?

A. Yeah.

A jury convicted defendant of first-degree premeditated murder, felon in possession of a firearm, carrying a weapon with unlawful intent, and three counts of possession of a firearm during the commission of a felony (third offense).   Before sentencing, defendant filed a motion for a new trial. Defendant argued that the testimony of Brewer and Pratt was not believable, and that no exhibits or other witnesses supported Brewer's testimony. Defendant further argued, inter alia, that the jury's verdict was against the great weight of the evidence. The trial court denied defendant's motion.

People v. Jones, No. 351788, 2021 WL 3700292, at *1–2 (Mich. Ct. App. Aug. 19, 2021).   The Court also adopts the more detailed summary of the trial testimony provided in defense counsel's brief on direct appeal in state court to the extent that those facts are non-argumentative and consistent with the record.   ECF No. 20-18, PageID.1404-1414.

Following his convictions and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals, raising the following claims through counsel and in a pro per supplemental brief:

I.     The prosecutor's misconduct, which included bolstering the testimony of and vouching for the credibility of the prosecution's key witness and misstating evidence, deprived [him] of his due process right to a fair trial.

II.    [He] was denied his due process right to a fair trial when the prosecutor, in closing arguments, appealed to the fears and prejudice of the jurors in urging conviction. Defense counsel was constitutionally ineffective for failing to object to the prosecutorial misconduct.

- 5 -

III. The trial court denied [him the] right to a fair trial when it allowed the prosecution to present irrelevant and unduly prejudicial testimony concerning Leia Brewer's cancer. Alternatively, trial counsel was ineffective in failing to object to the testimony.

IV. [He] is entitled to a new trial where the verdict is against the great weight of the evidence and it would be a denial of due process and a miscarriage of justice to allow his convictions to stand.

V. [He] should be re-sentenced because the trial court clearly had discretion to waive court costs.

VI. The trial court denied [him the] right to a fair trial by withholding statements made by members of the jury which them statements makes the jury members bias and prejudice, and not granted a new trial.

VII. [He] was denied the right to effective assistance of trial counsel where [without his] knowledge, and against his right to 180-day rule on speedy trial, counsel moved the court to adjourn trial for counsel's vacation time.

VIII. [He] was denied the right to effective assistance of trial counsel where counsel misrepresented [his] right to trial within 180 days while being incarcerated on another case.

IX. [His] trial counsel rendered ineffective assistance of counsel by counsel's failure to argue what gun killed the victim and the gun the witness alleged to have seen [him] with.

X. [He] was denied the right to a fair hearing on his motion for dismissal where the court denied the motion without having a hearing on the motion.

ECF No. 20-18, PageID.1310-1311, 1402-1403.   The Michigan Court of

Appeals denied relief on those claims and affirmed the petitioner's

convictions and sentences.   Jones, 2021 WL 3700292 at *2-12.   The

petitioner the filed a pro se application for leave to appeal (as amended) in

the Michigan Supreme Court raising only the following claim:

> [He] was denied his twin procedural rights to due process
> where the prosecutor alluded, albeit innuendo, to the prestige of
> her office, to bolster the credibility of her witness, in closing
> remarks.

ECF No. 20-19, PageID.1579.   The Michigan Supreme Court denied leave

to appeal in a standard order.   People v. Jones, _ Mich. _, 969 N.W.2d 40

(2022).

The petitioner then filed a pro se motion for relief from judgment with

the state trial court raising the following claims:

> I.    Appellate counsel rendered ineffective assistance and
> denied [him the] right to receive due process when
> appellate counsel argued Issue #4 of the advocate brief
> rather than the claim that trial counsel was ineffective for
> failure to investigate, and call alibi witness Demetrius
> Lytle.
>
> II.   [He was] denied effectiveness of appellate counsel and
> due process when appellate counsel presented Issue #4
> of the advocate's brief rather than the claim that [his] right
> to a fair trial was violated by extrinsic influence which
> prejudiced the jury.

III.   [He was] denied his constitutional right to effectiveness of trial and appellate counsel and due process at trial and on appeal where appellate counsel failed to pursue claim that trial counsel was inept for collectively failing to object to prosecutorial testimony and appeals to passion of jurors all done to bolster the credibility of one witness and where appellate counsel otherwise failed to adequately, rather than minimally, brief his seminal claim.

ECF No. 20-14, PageID.1178.   The trial court denied the motion.   ECF Nos. 20-15, 20-17.   The petitioner did not appeal the trial court's decision in the Michigan appellate courts.   ECF No. 19, PageID.269.

The petitioner dated his federal habeas petition on June 6, 2023.   He raises the following claims:

I.   The prosecuting attorney relied on the prestige of his/her office to bolster the credibility of its only eyewitness whose testimony was contradicted by that of other witnesses who also had clear cut reason to be biased against [him].

II.   The trial court denied of Mr. Jones the right to a fair trial when it allowed the prosecution to present irrelevant and unduly prejudicial testimony concerning Leia Brewer's cancer. Alternatively, trial counsel was ineffective in failing to object to the testimony.

III.   [He] was denied his due process right to a fair trial when the prosecutor, in closing arguments, appealed to the fears and prejudice of the jurors in urging conviction. Defense counsel was constitutionally ineffective for failing to object to the prosecutorial misconduct.

IV.   [He] is entitled to a new trial where the verdict is against the great weight of the evidence and it would be a denial

- 8 -

of due process and a miscarriage of justice to allow his convictions to stand.

V.    The trial court denied [him] the right to fair trial by withholding statements made by members of the jury which them statements makes the jury members bias and prejudice.

VI.    [He] was denied the right to effective assistance of trial counsel where [without his] knowledge and against his right to 180-day rules or speedy trial, counsel moved the court to adjourn trial for counsel's vacation time.

VII.    [He] was denied the right to effective assistance of trial counsel where counsel misrepresented [his] right to trial within 180 days while being incarcerated on another case.

VIII.    Trial counsel rendered ineffective assistance of counsel by counsel's failure to file a notice and call alibi witnesses who could have collaborated [his] claims against the State's witnesses.

IX.    Trial counsel rendered ineffective assistance of counsel by counsel's failure to argue what gun killed the victim and the gun the witness alleged to have seen [him] with.

X.    On November 15, 2017, [he] filed a motion for dismissal where the court denied or address the motion without having a hearing on the motion.

XI.    [He] was denied his twin procedural right to due process where the prosecutor alluded, albeit innuendo, to the prestige of her office, to bolster the credibility of her witness, in closing remarks.

XII.    Appellate counsel rendered ineffective assistance and denied [him the] right to receive due process when appellate counsel argued Issue #4 of the advocate brief rather than the claim that trial counsel was ineffective for

failure to investigate, and call alibi witness Demetrius Lytle.

XIII.   [He was] denied effectiveness of appellate counsel and due process when appellate counsel presented Issue #4 of the advocate's brief rather than the claim that [his] right to a fair trial was violated by extrinsic influence which prejudiced the jury.

XIV.   [He was] denied his constitutional right to effectiveness of trial [and appellate counsel and due process at trial and on appeal] where appellate counsel failed to pursue claim that trial counsel was inept for collectively failing to object to prosecutorial testimony and appeals to passion of jurors all done to bolster the credibility of one witness and where appellate counsel otherwise failed to adequately rather than minimally brief his seminal claim.

ECF No. 1.   On October 14, 2024, the respondent filed a motion to dismiss the habeas petition contending that the petitioner failed to properly exhaust his habeas claims in the state courts before proceeding on federal habeas review.   ECF No. 19.   The petitioner has not filed a reply to that motion.

## III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.   The AEDPA provides in relevant part:

An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court
shall not be granted with respect to any claim that was
adjudicated on the merits in State court proceedings unless
the adjudication of the claim—

(1)   resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of
the United States; or

(2)   resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme

Court cases]' or if it 'confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme] Court and nevertheless

arrives at a result different from [that] precedent.'"   Mitchell v. Esparza,

540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529

U.S. 362, 405-406 (2000)); see also Bell v. Cone, 535 U.S. 685, 694

(2002).   "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a

federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but

unreasonably applies that principle to the facts of petitioner's case."

Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.   However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.   The state court's application must have been 'objectively unreasonable.'"   Wiggins, 539 U.S. at 520-521 (citations omitted); see also Williams, 529 U.S. at 409.   The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7); Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."   Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).   Under § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask

whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.   Id.   Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   Id.; see also White v. Woodall, 572 U.S. 415, 419-420 (2014).   Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."   Woods v. Donald, 575 U.S. 312, 316 (2015).   A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.   Woods v. Etherton, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.   Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state

court to decline to apply a specific legal rule that has not been squarely

established by this Court") (quoting <u>Wright v. Van Patten</u>, 552 U.S. 120,

125-126 (2008) (per curiam)); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72

(2003). Section 2254(d) "does not require a state court to give reasons

before its decision can be deemed to have been 'adjudicated on the

merits.'" <u>Harrington</u>, 562 U.S. at 100. Furthermore, it "does not require

citation of [Supreme Court] cases–indeed, it does not even require

<u>awareness</u> of [Supreme Court] cases, so long as neither the reasoning nor

the result of the state-court decision contradicts them." <u>Early v. Packer</u>,

537 U.S. 3, 8 (2002); <u>see also</u> <u>Mitchell</u>, 540 U.S. at 16. The requirements

of clearly established law are to be determined solely by Supreme Court

precedent. Thus, "circuit precedent does not constitute 'clearly

established Federal law as determined by the Supreme Court'" and it

cannot provide the basis for federal habeas relief. <u>Parker v. Matthews</u>,

567 U.S. 37, 48-49 (2012) (per curiam); <u>see also</u> <u>Lopez v. Smith</u>, 574 U.S.

1, 2 (2014) (per curiam). The decisions of lower federal courts, however,

may be useful in assessing the reasonableness of the state court's

resolution of an issue. <u>Stewart v. Erwin</u>, 503 F.3d 488, 493 (6th Cir.

2007) (citing <u>Williams v. Bowersox</u>, 340 F.3d 667, 671 (8th Cir. 2003));

<u>Dickens v. Jones</u>, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review.   See 28 U.S.C. § 2254(e)(1).   A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).   Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## IV.   Discussion

### A.   Prosecutorial Misconduct - Prestige of Office Claim

Contrary to the respondent's assertion in the motion to dismiss, the petitioner did raise his claim that the prosecutor engaged in misconduct by referring to the prestige of her office to vouch for a witness during rebuttal closing argument in both the Michigan Court of Appeals and the Michigan Supreme Court on direct appeal.   ECF No. 20-18, PageID.1415, 1418-1419; ECF No. 20-19, PageID.1561.   Accordingly, to the extent that the respondent asserts that this claim is subject to dismissal on exhaustion grounds, he is mistaken.   The Court shall not dismiss this claim on exhaustion grounds.

Having reviewed the claim, however, the Court finds that it is subject to dismissal based upon procedural default.[1]   Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.   Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977).   The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."   White v. Mitchell, 431 F.3d 517, 524 (6th Cir. 2006); see also Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005); Coleman v. Mitchell, 244 F.3d 533, 539 (6th Cir. 2001).   The last explained state court judgment is used to make this determination.   Ylst v. Nunnemaker, 501 U.S. 797, 803-805 (1991).   If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion.   Id.

In this case, the Michigan Court of Appeals rendered the last reasoned opinion on this claim.   In denying relief, the court relied upon

---

[1]Although the respondent did not raise this procedural default argument, the Court has discretion to sua sponte raise the issue of procedural default.   See Lovins v. Parker, 712 F.3d 283, 295 (6th Cir. 2013); Howard v. Bouchard, 405 F.3d 459, 476 (6th Cir. 2005); see also Wood v. Milyard, 566 U.S. 463, 465 (2012) ("a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition"); Cradler v. United States, 891 F.3d 659, 665-666 (6th Cir 2018).

the failure to object at trial.   Jones, 2021 WL 3700292 at *2-3.   The

failure to make a contemporaneous objection is a recognized and

firmly-established independent and adequate state law ground for refusing

to review trial errors.   People v. Carines, 460 Mich. 750, 763, 597 N.W.2d

130, 138 (1999); People v. Stanaway, 446 Mich. 643, 687, 521 N.W.2d

557, 579 (1994); see also Coleman v. Thompson, 501 U.S. 722, 750-751

(1991).   Moreover, a state court does not waive a procedural default by

looking beyond the default to determine if there are circumstances

warranting review on the merits.   Paprocki v. Foltz, 869 F.2d 281, 285

(6th Cir. 1989).   Plain error review does not constitute a waiver of state

procedural default rules.   Girts v. Yanai, 501 F.3d 743, 755 (6th Cir.

2007); Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001); Seymour v.

Walker, 224 F.3d 542, 557 (6th Cir. 2000).   Nor does a state court fail to

sufficiently rely upon a procedural default by ruling on the merits in the

alternative. McBee v. Abramajtys, 929 F.2d 264, 267 (6th Cir. 1991).   The

Michigan Court of Appeals denied relief on this claim based upon a

procedural default – the failure to object at trial.

    A state prisoner who fails to comply with a state's procedural rules

waives the right to federal habeas review absent a showing of cause for

noncompliance and actual prejudice resulting from the alleged

constitutional violation, or a showing of a fundamental miscarriage of justice.   Coleman, 501 U.S. at 753; Gravley v. Mills, 87 F.3d 779, 784-785 (6th Cir. 1996).   To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule.   Murray v. Carrier, 477 U.S. 478, 488 (1986).   A petitioner must present a substantial reason to excuse the default. Amadeo v. Zant, 486 U.S. 214, 223 (1988).   Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available.   McCleskey v. Zant, 499 U.S. 467, 493-494 (1991).

In this case, the petitioner may argue that trial counsel was ineffective as cause to excuse the failure to object at trial.   Such an argument is unavailing.   In order to establish cause to excuse a procedural default, such a claim of ineffective assistance of counsel must itself be exhausted in the state courts.   Edwards v. Carpenter, 529 U.S. 446, 451 (2000).   The petitioner has not done so.   He did not properly and fully exhaust any ineffective assistance of counsel claims on direct appeal or collateral review in the state courts.   He thus fails to establish cause to excuse this procedural default.   When a habeas petitioner fails

to establish sufficient cause to excuse a procedural default, the Court need not address the issue of prejudice.   Smith v. Murray, 477 U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983).

The petitioner also fails to demonstrate that a fundamental miscarriage of justice has occurred.   The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.   Murray v. Carrier, 477 U.S. 478, 479-480 (1986).   To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.   Schlup v. Delo, 513 U.S. 298, 324 (1995).   Moreover, actual innocence means factual innocence, not mere legal insufficiency.   Bousley v. United States, 523 U.S. 614, 623 (1998).   The petitioner makes no such showing.   This claim is thus barred by procedural default and does not warrant federal habeas relief.

## B.    Remaining Habeas Claims

The respondent contends that the petitioner's remaining habeas claims are unexhausted because he did not raise them before the Michigan Supreme Court on direct appeal and then did not appeal the state trial court's denial of his motion for relief from judgment in the

Michigan appellate courts on collateral review.   As noted, the petitioner did not respond to the motion to dismiss.

A prisoner filing a habeas petition under 28 U.S.C. § 2254 must first exhaust all state remedies.   See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).   To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.   McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans).   The claims must also be presented to the state courts as federal constitutional issues.   Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).   Furthermore, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.   Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).   While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review.   Granberry v. Greer, 481

U.S. 129, 131, 134-135 (1987).   The burden is on the petitioner to prove exhaustion.   Rust, 17 F.3d at 160.

The respondent is correct that the petitioner did not exhaust these remaining habeas claims in the state courts.   He did not raise them before the Michigan Supreme Court on direct appeal and, while he raised some/all of them in his motion for relief from judgment before the state trial court, he did not appeal the denial of that motion in the Michigan appellate courts on collateral review.     Consequently, the claims are unexhausted.

The claims, however, are also now procedurally defaulted because the petitioner no longer has an available remedy in the state courts by which to exhaust them since he has already filed a motion for relief from judgment in the trial court (which was denied).   Any attempt to file a second motion for relief from judgment would be futile.   Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment.   Gadomski v. Renico, 258 F. App'x 781, 783 (6th Cir. 2007); Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).   The petitioner's habeas claims do not fall within the exceptions for filing a second motion, see Mich. Ct. R. 6.508(G)(2) (exceptions include a retroactive change in the law or newly-discovered evidence and a significant possibility of innocence).

Because the petitioner did not fully exhaust these claims in the state courts and no longer has an available remedy by which to do so, the claims are now procedurally defaulted for purposes of federal habeas review.   See Gray v. Netherland, 518 U.S. 152, 161-162 (1996); Pudelski v. Wilson, 576 F.3d 595, 605 (6th Cir. 2009) (citing Martin v. Mitchell, 280 F.3d 594, 603 (6th Cir. 2002)).

As discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.   Coleman, 501 U.S. at 750-751; Gravley, 87 F.3d at 784-785.

The petitioner makes no such showing.   He cannot rely upon any alleged ineffective assistance of trial and/or appellate counsel as those claims themselves have not been exhausted in the state courts. Edwards, 529 U.S. at 451.   Furthermore, the petitioner proceeded pro se before the Michigan Supreme Court on direct appeal and again on collateral review in the state courts and thus only has himself to blame for failing to properly exhaust his habeas claims.   The petitioner thus fails to establish cause to excuse this procedural default.   As noted, the Court

need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default.   Smith, 477 U.S. at 533; Long, 722 F.2d at 289.

Lastly, as discussed, the petitioner also fails to demonstrate that a fundamental miscarriage of justice has occurred by presenting new reliable evidence of his actual, factual innocence.   See Murray, 477 U.S. at 479-480; see also Schlup, 513 U.S. at 324; Bousley, 523 U.S. at 623. These claims are thus barred by procedural default and do not warrant federal habeas relief.

## V.   Conclusion

For the reasons stated, the Court concludes that the petitioner has not exhausted his habeas claims, with the exception of his prosecutorial misconduct prestige of the office claim (as raised on direct appeal in the state courts), and that all of his habeas claims are procedurally defaulted. Accordingly, the Court grants in part and denies in part the respondent's motion to dismiss and denies and dismisses with prejudice the habeas petition.

Before the petitioner may appeal, a certificate of appealability ("COA") must issue.   See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A COA may issue only if a petitioner makes "a substantial showing

- 23 -

of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   When a

district court denies relief on the merits, the substantial showing threshold

is met if the petitioner demonstrates that reasonable jurists would find the

court's assessment of the claims debatable or wrong.   Slack v. McDaniel,

529 U.S. 473, 484-485 (2000).   When a court denies relief on procedural

grounds, a COA should issue if it is shown that reasonable jurists would

find it debatable whether the petitioner states a valid claim of the denial of

a constitutional right, and that reasonable jurists would find it debatable

whether the district court was correct in its procedural ruling.   Id.   The

petitioner makes no such showing.   Reasonable jurists could not debate

the correctness of the Court's procedural rulings.   Accordingly, the Court

denies a COA.

Lastly, the Court concludes that an appeal from this decision cannot

be taken in good faith.   See Fed. R. App. P. 24(a).   Accordingly, the

Court denies the petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
United States District Judge

Dated:   January 16, 2025

- 24 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on January 16, 2025, by electronic and/or ordinary mail
and also on Allan Jones #512967, G. Robert Cotton
Correctional Facility, 3500 N. Elm Road,
Jackson, MI 49201

s/LaShawn Saulsberry
Deputy Clerk